UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DOAN,<br><br>                            Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation,<br><br>                            Defendant. | Case No.: 20-cv-01060-AJB-KSC<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (Doc. No. 11); AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION, (Doc. No. 16).** |

      Presently before the Court are: (1) Plaintiff Daniel Doan's ("Plaintiff") motion for default judgment, (Doc. No. 11), and (2) Plaintiff's *ex parte* motion for status hearing, (Doc. No. 16). Defendant Allstate Northbrook Indemnity Company ("Allstate") has not responded nor has it otherwise appeared in this case. The Court held a hearing on Plaintiff's motion for default judgment on November 12, 2020. (Doc. No. 15.) Counsel for Plaintiff appeared at the hearing. Allstate did not make an appearance. Based on the analysis set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for default judgment and **DENIES AS MOOT** Plaintiff's *ex parte* motion.

## I.     BACKGROUND

Plaintiff brings this lawsuit against Allstate for breach of the implied covenant of good faith and fair dealing. (Complaint ("Compl."), Doc. No. 1 ¶¶ 31–39.) Plaintiff alleges Allstate issued an automobile insurance policy to Plaintiff, containing $100,000 in Uninsured/Underinsured Motorist coverage. (*Id.* ¶ 3.) On December 6, 2016, in El Cajon, California, Plaintiff was involved in an automobile collision. (*Id.* ¶ 4.) Plaintiff states he was not at fault. (*Id.*) GEICO insured the other driver involved in the collision. (*Id.*) The GEICO policy had liability limits of only $30,000 per person. (*Id.*) As a result of the accident, Plaintiff sustained "serious, debilitating or permanent injuries to his neck and left shoulder." (*Id.* ¶ 6.) The injuries from the accident prevented Plaintiff from starting a new job as a heavy equipment operator earning $3,500 a month. (*Id.* ¶ 7.)

Plaintiff settled with GEICO's insured for GEICO's paying policy limits of $30,000, $70,000.00 less than Plaintiff's $100,000.00 Uninsured/Underinsured Motorists bodily injury coverage under the Allstate policy. (*Id.* ¶ 11.) Plaintiff then presented a claim to Allstate for the remaining $70,000.00 in Underinsured Motorist coverage. (*Id.* ¶ 12.) Upon receipt of the claim, Plaintiff alleges Allstate did not request a recorded statement nor ask Plaintiff to submit to a medical examination by an Allstate doctor. Instead, Allstate apparently told Plaintiff that Allstate uses a computer program called "Colossus" to evaluate his claim.

On or about June 4, 2018, Allstate offered Plaintiff $20,000.00 to settle Plaintiff's claim for Underinsured Motorist coverage. (*Id.* ¶ 17.) On June 12, 2018, Plaintiff rejected Allstate's $20,000.00 offer and demanded arbitration. (*Id.* ¶ 18.) While in arbitration, on August 13, 2018, Plaintiff's attorney served a written statutory demand pursuant to California Code of Civil Procedure § 998 for $70,000.00. Plaintiff claims Allstate "unreasonably and in bad faith refuse[d] to pay Doan his $70,000.00 remaining underinsured motorist coverage." (*Id.* ¶ 25.)

The hearing on Plaintiff's Underinsured motorist arbitration was set to begin April 18, 2019. (*Id.* ¶ 29.) Rather than proceeding, Allstate offered Plaintiff the policy limits of

2

$70,000.00. (*Id.*) However, Allstate refused to pay the costs Plaintiff incurred in arbitration even though Plaintiff had served a § 998 offer. Allstate allegedly told Plaintiff that if he wants his costs, he will have to recover them in an action for breach of the implied covenant of good faith and fair dealing. (*Id.* ¶ 30.)

Plaintiff then filed his single claim for breach of the implied covenant of good faith and fair dealing in this Court on June 10, 2020. (Compl.) On June 25, 2020, Plaintiff filed a Summons Returned Executed. (Doc. No. 3.) In the proof of service, Plaintiff states Enrique Mendez, a registered process server, served a Summons, Complaint, and Civil Cover Sheet on Allstate Northbrook Indemnity Company via Allstate's agent for service, CT Corporation System. (*Id.* at 1.) Specifically, Mendez served Carlos Paz, a person authorized to receive service, at 818 West 7th Street, Suite 930, Los Angeles CA, 90017 on June 19, 2020 at 11:40 AM. (*Id.*)

On July 23, 2020, Plaintiff requested entry of default, (Doc. No. 4), which was granted by the Clerk of Court on July 24, 2020. (Doc. No. 5.) Then on September 22, 2020, Plaintiff moved for default judgment. (Doc. No. 11.) Allstate did not respond to the motion for default judgment, or otherwise appear in the matter. This order follows.

## II. LEGAL STANDARD

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A party has no duty to defend, however, unless the plaintiff properly served the defendant with the summons and complaint, or waives such service, pursuant to Federal Rule of Civil Procedure 4. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons").

Before the Court decides whether to grant default judgment, Federal Rule of Civil Procedure 55(b)(2) requires the Clerk's entry of default. However, entry of a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). Indeed, a district court has discretion in

deciding whether to enter a default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court may consider a number of factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, the "*Eitel* factors"). *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. DISCUSSION

In assessing whether Plaintiff is entitled to default judgment, the Court must look to (1) whether this Court has jurisdiction over this matter, (2) whether service was proper, and (3) whether default judgment is appropriate under the *Eitel* factors.

### A. Jurisdiction

First, when a party seeks entry of default judgment, courts have a duty to examine their own jurisdiction—both subject matter and personal. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (internal citation omitted). Here, the Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties, and the amount in controversy exceeds $75,000. To be sure, Plaintiff is a citizen of California, and resident of El Cajon, San Diego, California. (Comp. ¶ 1.) Allstate is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. (*Id.* ¶ 2.) The amount in controversy is met because Plaintiff is seeking more than $75,000. Thus, because there is diversity in citizenship, and the amount in controversy is met, the Court has diversity jurisdiction. Similarly, personal jurisdiction over Allstate is satisfied because Plaintiff served summons on Allstate in California. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 620–21 (1990). Allstate is also authorized to do business in California, and this case arises out of an insurance policy issued to a California citizen. Thus, the Court has personal jurisdiction.

### B. Service of Process

Second, the Court turns to whether service was proper. Because Allstate is a corporation, service of process is governed by Federal Rule of Civil Procedure 4(h). The rule provides that a corporation may be served pursuant to the law of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to service under Rule 4(e)(1), which provides for service pursuant to state law). In this case, the state where this Court is located and where service was made is the same—i.e., California. Under California law, service of process on corporations is governed by the California Code of Civil Procedure. Under § 416.10 of the Code, a corporation may be served by delivering a copy of the summons and complaint to, "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10(b).

Here, it appears that Plaintiff properly served Allstate by delivering a copy of the Summons and Complaint to the designated agent for service of process, CT Corporation Systems. The Summons Returned Executed provides that Enrique Mendez, a registered process server, served a Summons, Complaint, and Civil Cover Sheet on Allstate Northbrook Indemnity Company via Allstate's agent for service, CT Corporation System. (*Id.* at 1.) Specifically, Mendez served Carlos Paz, a person authorized to receive service on Allstate's behalf, at 818 West 7th Street, Suite 930, Los Angeles CA, 90017 on June 19, 2020 at 11:40 AM. (*Id.*) Accordingly, it appears that service of the Complaint and Summons on Allstate was proper.

### C. The *Eitel* Factors

In addition to analyzing jurisdiction and proper service, the Court considers the seven-factors set out in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) when evaluating whether a default judgment is proper. The papers filed by Plaintiff, however, do not address these factors. Thus, the Court **DENIES** the motion for default judgment

5

**WITHOUT PREJUDICE** and directs Plaintiff to file an amended motion for default judgment, making the proper showing under the *Eitel* factors. *See Hong Chang Corp. v. Dongwon Mulsan Co.*, No. CV 14-4632 PSG (RZX), 2016 WL 9045977, at *1 (C.D. Cal. Mar. 2, 2016) (denying a motion for default judgment because, among other things, the plaintiff failed to discuss the *Eitel* factors); *Hartford Life & Acc. Ins. Co. v. Gomez*, No. CV–13–01144–PHX–BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013) (same).

## IV.   CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for default judgment. (Doc. No. 11.) Should Plaintiff still wish to pursue default judgment, the Court **DIRECTS** Plaintiff to file an amended motion for default judgment appropriately addressing the *Eitel* factors within 21 days of this order. In its discretion, the Court also directs Plaintiff to serve the Clerk of Court's entry of default, and any amended motion for default judgment on Allstate pursuant to Rule 4. Plaintiff must also serve a courtesy copy on counsel for Allstate in the underlying Underinsured/Uninsured arbitration proceeding. *See Pension Benefit Guar. Corp. v. Beverly Hills S. Pac. Surgery Ctr., Inc.*, No. CV-17-3350-MWF (AJW), 2017 WL 8222633, at *2 (C.D. Cal. Aug. 28, 2017) ("As a matter of discretion, the Court also requires a plaintiff to serve its motion for default judgment upon a defendant."); *Esget v. TCM Fin. Servs. LLC*, No. 1:11-CV-00062-AWI, 2014 WL 258837, at *1 (E.D. Cal. Jan. 23, 2014) ("The Court further ordered Plaintiff to file and properly serve any amended motion for default judgment. . . ."). Plaintiff's *ex parte* motion for a status hearing is **DENIED AS MOOT**. (Doc. No. 16.)

**IT IS SO ORDERED.**

Dated:  December 17, 2020

Hon. Anthony J. Battaglia
United States District Judge