UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DOAN,<br><br>      Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation,<br><br>      Defendant. | Case No.: 20-cv-1060-AJB-KSC<br><br>**ORDER GRANTING MOTION FOR SANCTIONS**<br><br>**[Doc. No. 69]** |

Before the Court is defendant Allstate Northbrook Indemnity Company's ("defendant" or "Allstate") Motion for Sanctions of $5,427.25 (the "Motion"). Doc. No. 69. Allstate seeks reimbursement of costs and attorney's fees incurred after plaintiff Daniel Doan ("plaintiff") failed to appear for deposition on March 11, 2022 and again on March 22, 2022. *See* Doc. No. 69-1 at 2-3. The Motion is supported by the declaration of Allstate's counsel, Jordan Derringer (hereafter the "Derringer Decl.," Doc. No. 69-2) and various supporting exhibits. *See* Doc. Nos. 69-3 through 69-18. As of the date of this Order, plaintiff has not filed an opposition. *See* Doc. No. 65 (requiring plaintiff to file his opposition, "if any," by April 6, 2022). For the reasons stated below, defendant's Motion is **GRANTED**.

///

1

## I. BACKGROUND

On February 9, 2022, defendant noticed the virtual deposition of plaintiff for March 11, 2022 at 10:00 a.m. Doc. No. 69-1 at 2; Doc. No. 69-3. The deposition notice was served on plaintiff's counsel of record, Steven Young, and specified that the deposition would be conducted by remote means. *See id.* On March 11, 2022, Allstate's counsel and Martin Jerisat, who also represents plaintiff, appeared for the deposition. *See* Doc. No. 69-1 at 6; Doc. No. 69-4 at 3-4. Plaintiff did not. *Id.* Defense counsel took a certificate of nonappearance and advised Mr. Jerisat that he intended to seek an order from this Court requiring plaintiff to appear for his continued deposition on March 18, 2022, as agreed to by plaintiff's counsel. *Id.* at 5. On March 16, 2022, the Court's staff held a teleconference with counsel for the parties regarding plaintiff's failure to appear, following which the Court ordered Doan to appear and testify no later than March 23, 2022. Doc. No. 65. Because Mr. Jerisat represented during the conference with the Court's staff that plaintiff was unable to appear for deposition due to "technical difficulties," the Court ordered plaintiff to personally appear for the rescheduled deposition at his counsel's office.[1] *Id.* The Court also gave Allstate leave to file a motion to recover its costs and fees associated with plaintiff's nonappearance on March 11, 2022, and any further failure by Doan to appear for his deposition. *See id.*

Plaintiff's counsel advised defendant's counsel on March 17, 2022, that Doan was unavailable for deposition on both March 18 and March 21, 2022 (the next business day). Doc. No. 69-5. Mr. Derringer asked if Mr. Doan could instead sit for deposition on March 22, 2022. *Id.* On Friday, March 18, 2022, apparently not having received a response from plaintiff's counsel, Mr. Derringer sent a second email to Mr. Young and inquired if plaintiff

---

[1] Later in the conference, Mr. Jerisat conceded that he had not actually spoken to his client on the day of the deposition and did not actually know why Doan had failed to appear. He explained that Mr. Doan is "low-tech" and that he was "making an assumption" that Mr. Doan did not appear because he did not know how to access the videoconference.

was available for deposition on Tuesday, March 22, 2022. Mr. Derringer has submitted a screen shot and phone records demonstrating he received a call on the evening of March 18, 2022, from the Law Offices of Steven Young.[2] Doc. Nos. 69-7, 69-8. Mr. Derringer reports that he spoke to Mr. Young, and that at the time Mr. Young did not yet have confirmation that Mr. Doan was available for deposition on the following Tuesday but that Mr. Young would call Mr. Derringer on Monday, March 21, 2022 to confirm. Derringer Decl., ¶ 9. Mr. Derringer did not speak to anyone else from Mr. Young's office that day, and Mr. Young did not call him the following Monday to confirm Mr. Doan's availability. *Id.*, ¶¶ 9, 13. The phone records confirm that Mr. Derringer received no other calls from Mr. Young's office number between March 18, 2022 and March 22, 2022. Doc. No. 69-8.

On Tuesday, March 22, 2022, Mr. Doan appeared at Mr. Young's office for his deposition. At approximately 8:34 a.m., Mr. Young emailed Mr. Derringer to ask for the videoconference link. Doc. No. 69-9. Mr. Derringer advised Mr. Young, "I have not been told that he is available for deposition today. When we spoke on Friday, you told me you hadn't confirmed that he was available and you were going to contact me yesterday." *Id.* Mr. Derringer's phone records show he placed a call to Mr. Young's law office immediately after sending this email. Doc. No. 69-8. Thereafter, Mr. Derringer attempted to arrange for a court reporter and videographer so that the deposition could proceed, as plaintiff was already at counsel's office and prepared to testify. *See* Doc. No. 69-1 at 4; Derringer Decl., ¶ 15. Mr. Derringer also advised Mr. Young that he was "ready and able to take [plaintiff's] deposition if a court reporter can be found." Doc. No. 69-12. Attached to the Motion is documentation of a series of phone calls and emails demonstrating Mr. Derringer's efforts to secure court reporting services on the morning of March 22, 2022, about which he was regularly communicating with Mr. Young. *See, e.g.,* Doc. Nos. 69-8, 69-10, 69-12, and 69-13. Mr. Young was plainly aware that such efforts were underway,

---

[2] The number on the screen shot and the phone records, 714-673-6500, is the same number on the docket for Steven Young.

as he thanked Mr. Derringer for keeping him informed and confirmed the email address to which any videoconference link should be sent. *See* Doc. Nos. 69-10 and 69-11. At 10:05 a.m., an available court reporter was located. Doc. No. 69-13. At the same time, Daniel Kim, an attorney in Mr. Young's office, informed Mr. Derringer that plaintiff wanted to leave. Derringer Decl., ¶ 19. At 10:07 a.m., Mr. Derringer called Mr. Kim and informed him that he had located a court reporter and a videoconference link was forthcoming, at which time Mr. Kim informed Mr. Derringer that plaintiff "may have left" already. *Id.*, ¶ 21. After confirming that plaintiff had indeed left Mr. Young's office, Mr. Kim called Mr. Derringer and informed him that plaintiff was gone and that his counsel was unable to reach him. *Id.* This Motion followed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 37 provides parties and their counsel certain remedies for any opposing party's failure to cooperate in discovery. *See generally* Fed. R. Civ. P. 37. Rule 37(d) governs a party's failure to appear at his or her own deposition, and provides that the Court may, on motion, impose sanctions on a party for such failure to appear, provided that the person was served with proper notice of the deposition. *Id.* Any of the sanctions enumerated in Rule 37(b)(2)(A)(i)-(vi) may be imposed for a party's failure to appear. The Rule further directs that:

> [i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id.* at 37(d)(3). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *see also Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 335 (D. Nev. 2016) (same). A finding of bad faith is not required for monetary sanctions under Rule 37. *See id*.

///

## III. DISCUSSION

### A. <u>Sanctions Are Warranted Under Rule 37(d)</u>

Rule 37(b)(2)(A) enumerates a variety of sanctions for discovery abuses that the Court "may" impose at its discretion. *See* Fed. R. Civ. P. 37(b)(2). However, as defendant correctly points out, an award of reasonable expenses incurred as a result of a party's failure to appear at a properly noticed deposition – the only remedy sought in the Motion – is "mandatory" under the plain language of the Rule, absent a showing of substantial justification or other extenuating circumstances. *See* Doc. No. 69 at 2; *accord* Fed. R. Civ. P. 37(d)(3) ("the Court ***must require***" reimbursement of expenses).

Defendant's moving papers establish that plaintiff's deposition was properly noticed for March 11, 2022. *See* Doc. No. 69-3. Plaintiff's counsel was clearly aware of the deposition, as Mr. Jerisat appeared on the noticed date and time. *See* Doc. No. 69-4. Furthermore, the Court observes that the deposition notice was served on February 9, 2022 – over a month before the scheduled deposition – leaving ample time for plaintiff and his counsel to make arrangements for plaintiff's attendance. As plaintiff has not filed an opposition, the record contains no information about why plaintiff did not appear for his March 11, 2022 deposition. Plaintiff has therefore failed to meet his burden to show that his nonappearance was substantially justified. *See Nationstar Mortg.*, 316 F.R.D. at 335; *see also* CivLR 7.1.f.3.c (stating that a party's failure to file an opposition "may constitute a consent to the granting of [the] motion"). The Court accordingly finds that plaintiff's failure to appear at his March 11, 2022 deposition was not substantially justified, and that defendant is entitled to recover its reasonable expenses incurred as a result of plaintiff's nonappearance.

The Court turns to plaintiff's failure to appear for his rescheduled deposition on March 22, 2022. Although there was no formal notice served for this deposition, as set forth above, that appears to be entirely the result of plaintiff's counsel's failure to communicate with Allstate's counsel and to confirm plaintiff's availability on that date. To his credit, upon learning that morning that plaintiff was not only available but was sitting

in his counsel's office and ready to testify, it is apparent that Mr. Derringer went to significant efforts to locate a court reporter and videographer so as to proceed with the deposition without delay. Again, due to plaintiff's failure to respond to the Motion, the Court is not able to say whether plaintiff was aware of these efforts, but plaintiff's counsel indisputably was. *See* Doc. Nos. 69-10, 69-11, and 69-12. Plaintiff's counsel (if not plaintiff himself) was also aware that this Court ordered plaintiff to sit for deposition no later than March 23, 2022, and that Mr. Derringer was not available to proceed with deposition on the following day. Doc. No. 65; Derringer Decl., ¶ 12. Inexplicably, however, plaintiff – with his counsel's knowledge, and while efforts to arrange for the deposition were underway – left his counsel's office and could not be reached again. *Id.*, ¶ 21. There is nothing in the record to support a finding that plaintiff's deliberate choice to leave the deposition venue was substantially justified. Indeed, the Court finds that it was not. Therefore, defendant is also entitled to recover its reasonable expenses incurred as a result of plaintiff's failure to appear on March 22, 2022.

### B. Defendant's Expenses Are Reasonable and Caused by Plaintiff's Failure to Appear

Having determined that plaintiff failed to appear at his deposition on March 11, 2022 and March 22, 2022 without substantial justification, the "relevant question" for the Court is "what the right sanction is." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 314 (C.D. Cal. 2020). Here, defendant requests reimbursement for the following expenses:

| Description | Supporting Exhibit | Amount |
|---|---|---|
| **March 11, 2022 Deposition** | | |
| Court reporter fee | Exhibit L | $813.25 |
| Videographer fee | Exhibit M | $395.00 |

| | | |
|---|---|---|
| Attorney fees (0.4 hours)[3] | Derringer Decl., ¶ 25 | $224.00 |
| **March 22, 2022 Deposition** | | |
| Court reporter fee | Exhibit N | $520.00 |
| Videographer fee | Exhibit O | $395.00 |
| Attorney fees (1.5 hours) | Derringer Decl., ¶ 29 | $840.00 |
| **Attorney Fees for Court Conferences and Motion Practice** | | |
| Obtaining Court order compelling plaintiff's attendance at deposition after first nonappearance (1 hour) | Derringer Decl., ¶ 26 | $560.00 |
| Preparing motion for sanctions for nonappearance (3 hours) | Derringer Decl., ¶ 30 | $1,680.00 |
| **TOTAL** | | **$5,427.25** |

*See* Doc. No. 69-1 at 6. As explained above, defendant is entitled to recover these expenses if they are both "reasonable" and "caused by" plaintiff's failure to appear. Fed. R. Civ. P. 37(d)(3).

As to attorney's fees, counsel has used the lodestar method, which "multiplies the number of hours expended by counsel by a reasonable hourly rate." *See Infanzon*, 335 F.R.D. at 314 (citation omitted). While not a "precise science," there is a "strong presumption . . . that the lodestar figure represents a reasonable fee," although the Court may adjust the lodestar downward if either the time spent or the hourly rate is "excessive." *Id.* Here, a review of the record demonstrates that counsel's billings were appropriate relative to the tasks performed. Counsel's hourly rate is also reasonable by comparison to

---

[3] Mr. Derringer's hourly rate is $560.00. Derringer Decl., ¶ 24.

1  similar rates in the region. *See Buchannon v. Associated Credit Svcs.*, No. 3:20-cv-02245-BEN-LL, 2021 WL 5360971, at *16 (S.D. Cal. Nov. 17, 2021) (noting that "[t]he Southern District of California has found hourly rates of $550.00 per hour or higher reasonable for attorneys with partner level experience," and collecting cases). Accordingly, the Court finds that counsel's requested fees are reasonable.

The Court further finds that the court reporter and videographer costs, including cancellation fees, are reasonable and were necessarily incurred.

Finally, the Court finds that the foregoing expenses were "caused by" plaintiff's failure to appear for deposition. Fed. R. Civ. P. 37(d)(3). On two separate occasions, defendant was required to pay for court reporting services without obtaining plaintiff's testimony. Defendant was also forced to bring the matter to the Court, first to ensure plaintiff's attendance at deposition and then to seek redress for the expenses incurred. *See* Doc. No. 65. There is no doubt that but for plaintiff's failure to appear on March 11, 2022, and deliberate choice to leave the premises on March 22, 2022, none of these expenditures would have been necessary.

For the foregoing reasons, the Court finds the prerequisites of Rule 37(d)(3) are met and that defendant is entitled to recover its reasonable expenses incurred as a result of plaintiff's failure to appear for his deposition. Plaintiff and his counsel, jointly and severally, must pay Allstate the sum of $5,427.25, consistent with the terms of this Order. Plaintiff is reminded that he is "responsible for moving th[is] case towards disposition on the merits at a reasonable pace . . .." *Interlabservice, OOO v. Illumina, Inc.*, No. 15cv2171-KSC, 2017 WL 4335030, at *8 (S.D. Cal. Sept. 26, 2017) (citing *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994)) (granting motion for terminating sanctions).

///
///
///
///
///

# **ORDER**

For the reasons stated herein, Allstate's Motion for Sanctions [Doc. No. 69] is **GRANTED**. Within 30 days of the date of this Order, plaintiff and his counsel, jointly and severally, shall pay to Allstate the sum of $5,427.25.

**IT IS SO ORDERED**.

Dated: April 8, 2022

Hon. Karen S. Crawford
United States Magistrate Judge